IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SAMUEL JOHN,
    Plaintiff

vs.       :    CIVIL NO. 1:CV-06-2197

THOMAS H. HOGAN, et al.,
    Defendants

FILED
HARRISBURG, PA

FEB 2 6 2008

MARY E. D'ANDREA, CLERK
Per _____ /s/ _____ Deputy Clerk

*M E M O R A N D U M*

I. *Introduction*

    In November 2006, the pro se plaintiff, Samuel John, at one time an ICE detainee at the York County Prison, filed this civil-rights action against Thomas Hogan, the prison warden; Dr. Young, a physician at the prison; and Nurse Jane Doe. The complaint alleged that Plaintiff developed an itchy, bleeding skin condition caused by prison conditions.

    Plaintiff failed to keep the court informed about his current address. The magistrate judge therefore recommended that we dismiss the case under Fed. R. Civ. P. 41(b) for failure to prosecute. We did so in July 2007. Plaintiff has now moved to reopen the action. We will deny the motion.

II. *Background*

    The complaint came in an envelope with a return address of the Perry County Correctional Center in Uniontown, Alabama. It was filed on November 9, 2006, and alleged that,

while Plaintiff was a detainee at York County Prison, the warden had allowed unsanitary conditions, causing Plaintiff to develop his skin disease; that Dr. Young failed to treat the condition properly; and that Nurse Doe had failed to contact Dr. Young for further care.[1]

The Clerk of Court mailed Plaintiff an acknowledgment letter for the complaint and this court's standing practice order for pro se litigants, both dated November 9, 2006. On November 27, 2006, about two and one-half weeks after the complaint had been filed, these documents were returned to the court with the notation that the "addressee [was] not at this facility." See doc. 8. On November 28, 2006, the order granting Plaintiff in forma pauperis status was also returned for the same reason. See doc. 9.

About five months later, on May 8, 2007, the magistrate judge ordered Plaintiff to show cause by May 28, 2007, why the case should not be dismissed based on his failure to keep the court informed of his current address, as required by Local Rule 83.18. The order cautioned Plaintiff that if he failed to respond, it would be recommended that the action be dismissed pursuant to Fed. R. Civ. P. 41(b).

---

[1] Plaintiff bases this claim on the Eighth Amendment, but because Plaintiff was an ICE detainee, the correct constitutional basis for his claim would be due process under the Fourteenth Amendment. *See Meyers v. Majkic*, 189 Fed. Appx. 142, 143 n.2 (3d Cir. 2006)(nonprecedential).

The order was mailed to the only address Plaintiff had supplied, the Perry County Correctional Center in Alabama. On May 23, 2007, the order was returned, again with the notation that the "addressee [was] not at this facility." See doc. 12. On June 8, 2007, the magistrate judge filed his report and recommendation, recommending that the case be dismissed for failure to prosecute under Rule 41(b) because Plaintiff had appeared to have abandoned the lawsuit. In his report, the magistrate judge noted that Plaintiff had failed to respond to the show-cause order and in fact the show-cause order itself had been returned because Plaintiff was not at the Perry County, Alabama, facility. See doc. 14.

On July 5, 2007, we adopted the report and recommendation and dismissed the case under Rule 41(b) for failure to prosecute. Our order also came back from the Perry County facility because Plaintiff was not there. See doc. 16.

About six months later, on December 13, 2007, the court received a letter from Plaintiff, stating that he had been released in February 2007; that he had never received any of his legal mail at his old or new address; that he had been sent to many different prisons so he never received his legal mail; and that he wanted to reopen his case as he was still suffering from bleeding and pain and had no money for medical attention.

After being informed that he had to file a formal motion with notice to the defendants, he filed a motion to

reopen on January 11, 2008. The motion repeated his assertion that he had been moved around to different prisons and had never had his mail delivered to him. The motion also reasserts that his skin is bleeding all the time and that he cannot afford medical care.

III. *Discussion*

Defendant Hogan, apparently the only defendant served before the case was dismissed, opposes the motion, relying on *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). *Poulis* sets forth the Third Circuit's analysis for deciding when a case can be dismissed as a sanction for failing to engage in discovery, meet court orders or otherwise litigate the action.[2] Looking to *Poulis*, Defendant asserts that Plaintiff was dilatory, waiting over a year to notify the court of his correct address, and that this should count against reopening the case. Defendant also contends Plaintiff will not be able to establish a constitutional claim on the merits, attaching his

---

[2] The *Poulis* factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 537 n.15 (3d Cir. 2007)(citing *Poulis*, 747 F.2d at 868).

4

prison medical records in support. Defendant further argues that Plaintiff's prison transfers do not excuse his conduct because Plaintiff has not explained why he did not simply notify the court of his new address after each transfer. Finally, Defendant points out that Plaintiff does not say when he did receive the dismissal order and hence how long he knew that his case had been dismissed before he sought to reopen it.

We do not think *Poulis* comes into play here. We are not deciding whether we should dismiss this case for failure to prosecute. We made that decision in issuing the July 5, 2007, order, after Plaintiff failed to respond to the magistrate judge's show-cause order, essentially leaving us with no alternative. At this time, we are deciding Plaintiff's motion to reopen his case. As we view it, that motion is one under Fed. R. Civ. P. 60(b)(1) and should be decided under the principles courts have adopted for that rule. See *Eun Hee Choi v. Kim*, 2007 WL 4395655, at *3 n.5 (3d Cir. 2007)(nonprecedential)(noting that a denial of a Rule 60(b) motion is not an adjudication on the merits and *Poulis* does not apply); *Azubuko v. Bell Nat'l Org.*, 243 Fed. Appx. 728, 729 (3d Cir. 2007) (per curiam) (nonprecedential) (district court did not have to use *Poulis* factors when dismissing the case because the plaintiff's failure to file an amended complaint made adjudication of his case impossible); *see also Williams v. Cambridge Integrated Servs. Group*, 235 Fed. Appx. 870 (3d Cir. 2007) (per curiam)

5

(nonprecedential) (applying court-created Rule 60(b)(1) excusable-neglect factors to decide appeal from denial of a Rule 60(b) motion seeking relief from an order dismissing the case with prejudice). *See also Spain v. Gallegos*, 26 F.3d 439, 454 (3d Cir. 1994)("[o]rdinarily, when a court is considering dismissing a case for failure to prosecute, the *Poulis* factors should be used *when the plaintiff is opposing dismissal*).

In pertinent part, Rule 60(b)(1) provides that "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." Of the four reasons specified, only excusable neglect appears relevant. The case law has developed an equitable test for determining whether there is excusable neglect, which while looking to all the circumstances, concentrates on four factors: (1) "'the danger of prejudice'" to the adverse party; (2) "'the length of the delay and its potential impact on judicial proceedings'"; (3) "'the reason for the delay, including whether it was within the reasonable control of the movant'"; and (4) "'whether the movant acted in good faith.'" *George Harms Const. Co. v. Chao*, 371 F.3d 156, 163-64 (3d Cir. 2004)(quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74, 89-90 (1993)). No one factor is determinative. *See George Harms Const. Co.*, 371 F.3d at 164

("the 'control' factor does not necessarily trump all the other relevant factors").

The first and the fourth factors are not adverse to reopening the case. There does not appear to be any prejudice to Defendant if the case is reopened, and he has not argued that there would be any. There is no indication that Plaintiff is not acting in good faith. However, we believe the length of the delay before Plaintiff moved to reopen and the fact that the delay was within his control indicate that relief should not be available under Rule 60(b)(1).

Plaintiff filed this case on November 9, 2006, but apparently his address of record became immediately obsolete, as every written communication the court attempted with him, beginning with the Clerk of Court's letter acknowledging receipt of the complaint and this court's standing practice order for pro se litigants, was returned as undeliverable to Plaintiff at the Perry County Correctional Center in Alabama. Yet Plaintiff waited until December 13, 2007, over a year after he filed his complaint, to contact the court with a valid address, with the request that the case be reopened.

Plaintiff attempts to explain this delay by his transfers to many different prisons so that he never received his legal mail, but he could have simply mailed the court a letter every time he was transferred. Significantly, Plaintiff has not told us the number of transfers nor how much time was

spent in each prison. Under Local Rule 83.18, Plaintiff had an obligation to notify the court of his current address, and his failure to do so is not excusable neglect. *See Williams*, *supra*, 235 Fed. Appx. at 873 (in upholding denial of Rule 60(b) motion, noting that the plaintiff's "failure to update his address of record in the District Court, coupled with his delay in failing to inquire about the status of his case in the District Court, did not constitute excusable neglect"); *Strickland v. Unknown Police Officers*, 1995 WL 94906, at *1 (7th Cir. 1995)(unpublished opinion)(inmate's transfers to several prisons did not justify Rule 60(b) relief from judgment, noting in part that inmate should have explained how the transfers interfered with receiving his mail); *Weinstein v. Lewis*, 1994 WL 424342, at *2 (9th Cir. 1994)(unpublished opinion)(failure to provide the court with new address was culpable conduct justifying denial of Rule 60(b) motion)(citing *In re Hammer,* 940 F.2d 524, 526 (9th Cir. 1991)); *Hayes v. New Jersey*, No. 05-2716, 2006 WL 2135826, at *3 (D.N.J. July 28, 2006)(plaintiff-inmate's "argument that he was transferred and did not receive this Court's prior Orders in this matter until later does not alleviate his obligation to notify the court of any change in address and to prosecute his action in a timely manner"); *Price v. Vikery*, No. 3:05-CV-2135, 2007 WL 2296544, at *2 (N.D. Tex. Aug. 10, 2007) (failure to submit change of address justified no relief from the judgment); *Dumpson v. Goord*, No. 00-CV-6039, 2004 WL 1638183, at *2

8

(W.D.N.Y. July 22, 2004) (dismissing a plaintiff from the case under Fed. R. Civ. P. 42(b) for failure to keep his address current, citing cases). *But see Stitzel v. Guarini*, No. 03-4760, 2006 WL 1805972, at *5-6 (E.D. Pa. June 27, 2006)(transfer to another prison was excusable neglect); *Sacco v. Matter*, 154 F.R.D. 35, 37 (N.D.N.Y. 1994)(same).

We will issue an appropriate order.[3]

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: February 26, 2008

---

[3] Rule 60(b)(6) might be thought to be another avenue for Plaintiff. In pertinent part, that rule permits relief for "any other reason justifying relief from the operation of the judgment." However, by its terms, it does not apply to a reason already covered by subsections (1) through (5). *See Stradley v. Cortez*, 518 F.2d 488, 93 (3d Cir. 1975); *Scott v. Tully*, No. 3:CV-02-805, 2005 WL 1244972, at *4 (M.D. Pa. May 3, 2005)("Rule 60(b)(1) and 60(b)(6) are mutually exclusive").

9

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SAMUEL JOHN,                              :
    Plaintiff
                                          :

    vs.                                   :     CIVIL NO. 1:CV-06-2197

                                          :
THOMAS H. HOGAN, et al.,
    Defendants                            :


*O R D E R*

AND NOW, this 26th day of February, 2008, it is ordered that Plaintiff's motion (doc. 19) to reopen his case, treated as a motion under Fed. R. Civ. P. 60(b)(1), is denied.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

FILED
HARRISBURG, PA

FEB 2 6 2008

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk